IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VLINGO CORP., <br><br> Plaintiff, <br><br> v. <br><br> NUANCE COMMUNICATIONS INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) C.A. No. 10-621 (LPS) <br> ) <br> ) **DEMAND FOR JURY TRIAL** <br> ) <br> ) <br> ) <br> ) |

### NUANCE COMMUNICATIONS, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendant Nuance Communications, Inc. ("Nuance") hereby answers the Complaint filed by Plaintiff Vlingo Corp. ("Vlingo") as follows:

### PARTIES

1. Nuance lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, and therefore denies the same.

2. Nuance admits, in response to Paragraph 2 of the Complaint, that it is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 1 Wayside Road, Burlington, Massachusetts 01803.

### JURISDICTION AND VENUE

3. Nuance admits, in response to Paragraph 3 of the Complaint, that this action purports to be based on and arise under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, but Nuance lacks knowledge or information sufficient to form a belief as to whether the Court has subject matter jurisdiction, and therefore denies the same.

4. Nuance admits that this Court has personal jurisdiction over Nuance, but Nuance denies that it has committed, and continues to commit, acts of patent infringement in this judicial district.

5. Nuance admits that venue is proper in this judicial district, but Nuance denies that it has committed acts of patent infringement in this judicial district.

## COUNT I
(U.S. Patent No. 5,956,681)

6. Nuance hereby incorporates by reference its replies to Paragraphs 1 through 5 of the Complaint as if fully set forth herein.

7. Nuance lacks knowledge or information sufficient to form a belief as to whether Vlingo is the owner of all right, title, and interest to United States patent number 5,956,681 ("the '681 Patent"), and therefore denies the same. Nuance denies that the '681 Patent was duly and legally issued.

8. Nuance denies all allegations set forth in Paragraph 8 of the Complaint.

9. Nuance denies all allegations set forth in Paragraph 9 of the Complaint.

10. Nuance denies all allegations set forth in Paragraph 10 of the Complaint.

## COUNT II
(U.S. Patent No. 6,563,911)

11. Nuance hereby incorporates by reference its replies to Paragraphs 1 through 5 of the Complaint as if fully set forth herein.

12. Nuance lacks knowledge or information sufficient to form a belief as to whether Vlingo is the owner of all right, title, and interest to United States patent number 6,563,911 ("the '911 Patent"), and therefore denies the same. Nuance denies that the '911 Patent was duly and legally issued.

13. Nuance denies all allegations set forth in Paragraph 13 of the Complaint.

14. Nuance denies all allegations set forth in Paragraph 14 of the Complaint.

15. Nuance denies all allegations set forth in Paragraph 15 of the Complaint.

## COUNT III
(U.S. Patent No. 6,606,611)

16. Nuance hereby incorporates by reference its replies to Paragraphs 1 through 5 of the Complaint as if fully set forth herein.

17. Nuance lacks knowledge or information sufficient to form a belief as to whether Vlingo is the owner of all right, title, and interest to United States patent number 6,606,611 ("the '611 Patent"), and therefore denies the same. Nuance denies that the '611 Patent was duly and legally issued.

18. Nuance denies all allegations set forth in Paragraph 18 of the Complaint.

19. Nuance denies all allegations set forth in Paragraph 19 of the Complaint.

20. Nuance denies all allegations set forth in Paragraph 20 of the Complaint.

## COUNT IV
(U.S. Patent No. 6,671,354)

21. Nuance hereby incorporates by reference its replies to Paragraphs 1 through 5 of the Complaint as if fully set forth herein.

22. Nuance lacks knowledge or information sufficient to form a belief as to whether Vlingo is the owner of all right, title, and interest to United States patent number 6,671,354 ("the '354 Patent"), and therefore denies the same. Nuance denies that the '354 Patent was duly and legally issued.

23. Nuance denies all allegations set forth in Paragraph 23 of the Complaint.

24. Nuance denies all allegations set forth in Paragraph 24 of the Complaint.

25. Nuance denies all allegations set forth in Paragraph 25 of the Complaint.

## COUNT V
(U.S. Patent No. 6,813,603)

26. Nuance hereby incorporates by reference its replies to Paragraphs 1 through 5 of the Complaint as if fully set forth herein.

27. Nuance lacks knowledge or information sufficient to form a belief as to whether Vlingo is the owner of all right, title, and interest to United States patent number 6,813,603 ("the '603 Patent"), and therefore denies the same. Nuance denies that the '603 Patent was duly and legally issued.

28. Nuance denies all allegations set forth in Paragraph 28 of the Complaint.

29. Nuance denies all allegations set forth in Paragraph 29 of the Complaint.

30. Nuance denies all allegations set forth in Paragraph 30 of the Complaint.

## AFFIRMATIVE DEFENSES

Nuance alleges that the '681 Patent, '911 Patent, '611 Patent, '354 Patent, and '603 Patent are not infringed and are invalid and unenforceable for one or more of the following reasons:

## FIRST AFFIRMATIVE DEFENSE

1. Nuance does not infringe, literally or by the doctrine of equivalents, the claims of the '681 Patent, '911 Patent, '611 Patent, '354 Patent, or '603 Patent, either directly, contributorily, or by inducement.

## SECOND AFFIRMATIVE DEFENSE

2. The '681 Patent, '911 Patent, '611 Patent, '354 Patent, and '603 Patent are invalid because the alleged inventions patented thereby fail to meet one or more of the conditions for

patentability specified in Title 35 of the United States Code, including without limitation sections 101, 102, 103, and/or 112.

### THIRD AFFIRMATIVE DEFENSE

3. Vlingo is estopped in view of the prior art and/or by virtue of cancellations, amendments, representations, and concessions, made to the United States Patent and Trademark Office, during the pendency of the applications for the '681 Patent, '911 Patent, '611 Patent, '354 Patent, and '603 Patent from construing any claim of those patents to be infringed or have been infringed by Nuance.

### FOURTH AFFIRMATIVE DEFENSE

4. Vlingo is barred from relief by the doctrines of waiver, estoppel, laches, unclean hands, and/or other applicable equitable defenses.

### FIFTH AFFIRMATIVE DEFENSE

5. Vlingo's claims for relief and prayer for damages are limited by at least 35 U.S.C. §§ 286 and 287.

### SIXTH AFFIRMATIVE DEFENSE

6. Vlingo has failed to state a claim upon which relief can be granted.

### SEVENTH AFFIRMATIVE DEFENSE

7. To the extent Vlingo failed to properly mark any of its relevant products as required by 35 U.S.C. § 287, or otherwise give proper notice that Nuance's actions allegedly infringed the '681 Patent, '911 Patent, '611 Patent, '354 Patent, or '603 Patent, Nuance is not liable to Vlingo for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the '681 Patent, '911 Patent, '611 Patent, '354 Patent, or '603 Patent.

## ADDITIONAL AFFIRMATIVE DEFENSES

8. Nuance reserves the right to assert other affirmative defenses as it may discover or appreciate during this proceeding.

## NUANCE'S COUNTERCLAIMS

Nuance brings these Counterclaims against Vlingo pursuant to Rule 13 of the Federal Rules of Civil Procedure, and alleges as follows. All preceding paragraphs of this Answer are hereby incorporated in full.

## THE PARTIES

1. Nuance is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 1 Wayside Road, Burlington, Massachusetts 01803.

2. On information and belief, Vlingo is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 17 Dunster Street, Cambridge, Massachusetts 02138.

3. Vlingo is a plaintiff in the underlying action and contends that Nuance infringes the '681 Patent, '911 Patent, '611 Patent, '354 Patent, and '603 Patent. Vlingo also contends that the '681 Patent, '911 Patent, '611 Patent, '354 Patent, and '603 Patent are valid and enforceable.

## JURISDICTION AND VENUE

4. This is an action for patent infringement under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. § 271. This action is also seeking a declaration of non-infringement, invalidity, and unenforceability with respect to the '681 Patent,

'911 Patent, '611 Patent, '354 Patent, and '603 Patent pursuant to 28 U.S.C. §§ 2201 and 2202; and the Patent Act, 35 U.S.C. § 1 *et seq*.

5. The Court has subject matter jurisdiction over this Counterclaim pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

6. This Court has personal jurisdiction over Vlingo. Vlingo is a Delaware corporation and hence is organized and exists under the state laws of this judicial district. Moreover, Vlingo has done business generally in this judicial district, has committed and continues to commit acts of patent infringement in this judicial district, and has harmed and continues to harm Nuance in this judicial district by, among other things, using, distributing, selling, and offering for sale infringing voice recognition products and services in this judicial district.

7. Venue is also proper in this judicial district for Nuance's Counterclaims pursuant to 28 U.S.C. §§ 1391(b)(2) and 1391(c).

**BACKGROUND**

8. Vlingo alleges that it is the owner of all right, title, and interest in and to the '681 Patent, '911 Patent, '611 Patent, '354 Patent, and '603 Patent.

9. On or about July 21, 2010, Vlingo filed a Complaint against Nuance alleging infringement of the '681 Patent, '911 Patent, '611 Patent, '354 Patent, and '603 Patent based on allegedly infringing conduct in this district. Nuance has denied each and every one of these allegations and has asserted that the Vlingo patents are invalid and unenforceable.

## FIRST CLAIM FOR RELIEF
### (Declaratory Judgment)

10. Nuance repeats and realleges each allegation in Paragraphs 1 thorough 9 as if fully set forth herein.

11. Nuance has not made, used, sold, offered for sale, or imported into the United States, any devices, products, services, or methods that infringe the '681 Patent, '911 Patent, '611 Patent, '354 Patent, or '603 Patent, or otherwise infringe the '681 Patent, '911 Patent, '611 Patent, '354 Patent, or '603 Patent, either directly or indirectly, willfully, literally, or by the doctrine of equivalents. On information and belief, Vlingo disputes these contentions.

12. The claims of the '681 Patent, '911 Patent, '611 Patent, '354 Patent, and '603 Patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112. On information and belief, Vlingo disputes these contentions.

13. The claims of the '681 Patent, '911 Patent, '611 Patent, '354 Patent, and '603 Patent are unenforceable because of waiver, estoppel, laches, unclean hands, license, or other applicable legal defenses. On information and belief, Vlingo disputes these contentions.

14. A judicial declaration that Nuance does not infringe the '681 Patent, '911 Patent, '611 Patent, '354 Patent, or '603 Patent, and that those patents are invalid and unenforceable is necessary and appropriate at this time so that Nuance can ascertain its rights and duties with respect to designing, developing, marketing and selling any allegedly infringing products or services.

## SECOND CLAIM FOR RELIEF
### (Infringement of U.S. Patent No. 6,789,062)

15. Nuance hereby incorporates the allegations of Paragraphs 1 through 14 as if fully set forth herein.

16. United States Patent No. 6,789,062 ("the '062 patent"), entitled "Automatically Retraining A Speech Recognition System," was duly and legally issued on September 7, 2004. Nuance is the owner by assignment of all right, title and interest in and to the '062 patent. A copy of the '062 patent is attached as Exhibit A.

17. Nuance is informed and believes, and thereon alleges, that Vlingo has infringed and is currently infringing the '062 patent in violation of 35 U.S.C. § 271 by, among other things, making, using, selling, offering to sell, and/or importing its speech recognition products and services within this judicial district and elsewhere in the United States, without authority or license from Nuance. Such products and services may include, without limitation, the products and services Vlingo is supplying to Yahoo! oneSearch, as well as Vlingo's products and services for BlackBerry, iPhone, Android, and Nokia devices. Vlingo also has infringed and continues to infringe the '062 patent by actively inducing infringement and/or contributorily infringing the '062 patent. Vlingo is therefore liable to Nuance under 35 U.S.C. § 271.

18. On information and belief, Vlingo's infringement of the '062 patent is and continues to be willful and deliberate, entitling Nuance to treble damages under 35 U.S.C. § 284.

19. Vlingo's acts of infringement have caused damage to Nuance, and Nuance is entitled to recover from Vlingo the damages sustained as a result of Vlingo's wrongful acts in an amount yet to be determined and subject to proof at trial.

20. Unless enjoined, Vlingo's infringement of Nuance's rights under the '062 patent will continue to damage Nuance, causing Nuance irreparable injury as a direct and proximate result of Vlingo's conduct. As a result, and pursuant to 35 U.S.C. § 285, Nuance is entitled to an injunction against further infringement.

**THIRD CLAIM FOR RELIEF**
**(Infringement of U.S. Patent No. 6,519,562)**

21. Nuance hereby incorporates the allegations of Paragraphs 1 through 14 as if fully set forth herein.

22. United States Patent No. 6,519,562 ("the '562 patent"), entitled "Dynamic Semantic Control of a Speech Recognition System," was duly and legally issued on February 11, 2003. Nuance is the owner by assignment of all right, title and interest in and to the '562 patent. A copy of the '562 patent is attached as Exhibit B.

23. Nuance is informed and believes, and thereon alleges, that Vlingo has infringed and is currently infringing the '562 patent in violation of 35 U.S.C. § 271 by, among other things, making, using, selling, offering to sell, and/or importing its speech recognition products and services within this judicial district and elsewhere in the United States, without authority or license from Nuance. Such products and services may include, without limitation, the products and services Vlingo is supplying to Yahoo! oneSearch, as well as Vlingo's products and services for BlackBerry, iPhone, Android, and Nokia devices. Vlingo also has infringed and continues to infringe the '562 patent by actively inducing infringement and/or contributorily infringing the '562 patent. Vlingo is therefore liable to Nuance under 35 U.S.C. § 271.

24. On information and belief, Vlingo's infringement of the '562 patent is and continues to be willful and deliberate, entitling Nuance to treble damages under 35 U.S.C. § 284.

25. Vlingo's acts of infringement have caused damage to Nuance, and Nuance is entitled to recover from Vlingo the damages sustained as a result of Vlingo's wrongful acts in an amount yet to be determined and subject to proof at trial.

26. Unless enjoined, Vlingo's infringement of Nuance's rights under the '562 patent will continue to damage Nuance, causing Nuance irreparable injury as a direct and proximate

result of Vlingo's conduct. As a result, and pursuant to 35 U.S.C. § 285, Nuance is entitled to an injunction against further infringement.

**FOURTH CLAIM FOR RELIEF**
**(Infringement of U.S. Patent No. 6,804,653)**

27. Nuance hereby incorporates the allegations of Paragraphs 1 through 14 as if fully set forth herein.

28. United States Patent No. 6,804,653 ("the '653 patent"), entitled "Physical User Feedback in a Speech Recognition System," was duly and legally issued on October 12, 2004. Nuance is the owner by assignment of all right, title and interest in and to the '653 patent. A copy of the '653 patent is attached as Exhibit C.

29. Nuance is informed and believes, and thereon alleges, that Vlingo has infringed and is currently infringing the '653 patent in violation of 35 U.S.C. § 271 by, among other things, making, using, selling, offering to sell, and/or importing its speech recognition products and services within this judicial district and elsewhere in the United States, without authority or license from Nuance. Such products and services may include, without limitation, the products and services Vlingo is supplying to Yahoo! oneSearch, as well as Vlingo's products and services for BlackBerry, iPhone, Android, and Nokia devices. Vlingo also has infringed and continues to infringe the '653 patent by actively inducing infringement and/or contributorily infringing the '653 patent. Vlingo is therefore liable to Nuance under 35 U.S.C. § 271.

30. On information and belief, Vlingo's infringement of the '653 patent is and continues to be willful and deliberate, entitling Nuance to treble damages under 35 U.S.C. § 284.

31. Vlingo's acts of infringement have caused damage to Nuance, and Nuance is entitled to recover from Vlingo the damages sustained as a result of Vlingo's wrongful acts in an amount yet to be determined and subject to proof at trial.

32. Unless enjoined, Vlingo's infringement of Nuance's rights under the '653 patent will continue to damage Nuance, causing Nuance irreparable injury as a direct and proximate result of Vlingo's conduct. As a result, and pursuant to 35 U.S.C. § 285, Nuance is entitled to an injunction against further infringement.

**FIFTH CLAIM FOR RELIEF**
(Infringement of U.S. Patent No. 6,615,173)

33. Nuance hereby incorporates the allegations of Paragraphs 1 through 14 as if fully set forth herein.

34. United States Patent No. 6,615,173 ("the '173 patent"), entitled "Real Time Audio Transmission System Supporting Asynchronous Input From a Text-to-Speech (TTS) Engine," was duly and legally issued on September 2, 2003. Nuance is the owner by assignment of all right, title and interest in and to the '173 patent. A copy of the '173 patent is attached as Exhibit D.

35. Nuance is informed and believes, and thereon alleges, that Vlingo has infringed and is currently infringing the '173 patent in violation of 35 U.S.C. § 271 by, among other things, making, using, selling, offering to sell, and/or importing its speech recognition products and services within this judicial district and elsewhere in the United States, without authority or license from Nuance. Such products and services may include, without limitation, the products and services Vlingo is supplying to Yahoo! oneSearch, as well as Vlingo's products and services for BlackBerry, iPhone, Android, and Nokia devices. Vlingo also has infringed and continues to infringe the '173 patent by actively inducing infringement and/or contributorily infringing the '173 patent. Vlingo is therefore liable to Nuance under 35 U.S.C. § 271.

36. On information and belief, Vlingo's infringement of the '173 patent is and continues to be willful and deliberate, entitling Nuance to treble damages under 35 U.S.C. § 284.

12

37. Vlingo's acts of infringement have caused damage to Nuance, and Nuance is entitled to recover from Vlingo the damages sustained as a result of Vlingo's wrongful acts in an amount yet to be determined and subject to proof at trial.

38. Unless enjoined, Vlingo's infringement of Nuance's rights under the '173 patent will continue to damage Nuance, causing Nuance irreparable injury as a direct and proximate result of Vlingo's conduct. As a result, and pursuant to 35 U.S.C. § 285, Nuance is entitled to an injunction against further infringement.

**SIXTH CLAIM FOR RELIEF**
**(Infringement of U.S. Patent No. 6,665,641)**

39. Nuance hereby incorporates the allegations of Paragraphs 1 through 14 as if fully set forth herein.

40. United States Patent No. 6,665,641 ("the '641 patent"), entitled "Speech Synthesis Using Concatenation of Speech Waveforms" was duly and legally issued on December 16, 2003. Nuance is the owner by assignment of all right, title and interest in and to the '641 patent. A copy of the '641 patent is attached as Exhibit E.

41. Nuance is informed and believes, and thereon alleges, that Vlingo has infringed and is currently infringing the '641 patent in violation of 35 U.S.C. § 271 by, among other things, making, using, selling, offering to sell, and/or importing its speech recognition products and services within this judicial district and elsewhere in the United States, without authority or license from Nuance. Such products and services include, without limitation, the products and services Vlingo is supplying to Yahoo! oneSearch, as well as Vlingo's products and services for BlackBerry, iPhone, Android, and Nokia devices. Vlingo also has infringed and continues to infringe the '641 patent by actively inducing infringement and/or contributorily infringing the '641 patent. Vlingo is therefore liable to Nuance under 35 U.S.C. § 271.

42. On information and belief, Vlingo's infringement of the '641 patent is and continues to be willful and deliberate, entitling Nuance to treble damages under 35 U.S.C. § 284.

43. Vlingo's acts of infringement have caused damage to Nuance, and Nuance is entitled to recover from Vlingo the damages sustained as a result of Vlingo's wrongful acts in an amount yet to be determined and subject to proof at trial.

44. Unless enjoined, Vlingo's infringement of Nuance's rights under the '641 patent will continue to damage Nuance, causing Nuance irreparable injury as a direct and proximate result of Vlingo's conduct. As a result, and pursuant to 35 U.S.C. § 285, Nuance is entitled to an injunction against further infringement.

## SEVENTH CLAIM FOR RELIEF
### (Infringement of U.S. Patent No. 7,716,058)

45. Nuance hereby incorporates the allegations of Paragraphs 1 through 14 as if fully set forth herein.

46. United States Patent No. 7,716,058 ("the '058 patent"), entitled "Speech Recognition Using Automatic Recognition Turn Off," was duly and legally issued on May 11, 2010. Nuance is the owner by assignment of all right, title and interest in and to the '058 patent. A copy of the '058 patent is attached as Exhibit F.

47. Nuance is informed and believes, and thereon alleges, that Vlingo has infringed and is currently infringing the '058 patent in violation of 35 U.S.C. § 271 by, among other things, making, using, selling, offering to sell, and/or importing its speech recognition products and services within this judicial district and elsewhere in the United States, without authority or license from Nuance. Such products and services may include, without limitation, the products and services Vlingo is supplying to Yahoo! oneSearch, as well as Vlingo's products and services for BlackBerry, iPhone, Android, and Nokia devices. Vlingo also has infringed and continues to

infringe the '058 patent by actively inducing infringement and/or contributorily infringing the '058 patent. Vlingo is therefore liable to Nuance under 35 U.S.C. § 271.

48. On information and belief, Vlingo's infringement of the '058 patent is and continues to be willful and deliberate, entitling Nuance to treble damages under 35 U.S.C. § 284.

49. Vlingo's acts of infringement have caused damage to Nuance, and Nuance is entitled to recover from Vlingo the damages sustained as a result of Vlingo's wrongful acts in an amount yet to be determined and subject to proof at trial.

50. Unless enjoined, Vlingo's infringement of Nuance's rights under the '058 patent will continue to damage Nuance, causing Nuance irreparable injury as a direct and proximate result of Vlingo's conduct. As a result, and pursuant to 35 U.S.C. § 285, Nuance is entitled to an injunction against further infringement.

**PRAYER FOR RELIEF**

WHEREFORE, Nuance prays for judgment against Vlingo as follows:

A. That Nuance has not infringed any claim of the '681 Patent, '911 Patent, '611 Patent, '354 Patent, or '603 Patent, directly or indirectly, literally or by the doctrine of equivalents;

B. That the claims of the '681 Patent, '911 Patent, '611 Patent, '354 Patent, and '603 Patent are invalid and unenforceable;

C. That all relief requested by Vlingo should be denied;

D. That Vlingo's claims should be dismissed with prejudice;

E. That Vlingo has infringed, induced others to infringe, and/or committed acts of contributory infringement of one or more claims of the '062, '562, '650, '173, '641, and '891 patents (the "counterclaim patents");

15

F. That Vlingo, and its affiliates, subsidiaries, directors, officers, employees, attorneys, agents and all persons in active concert or participation with any of them be preliminarily and permanently enjoined from further acts of infringement, inducing infringement, or contributory infringement of the counterclaim patents;

G. That Vlingo pay Nuance damages in an amount adequate to compensate Nuance for Vlingo's infringement of the counterclaim patents, but in no event less than a reasonable royalty, together with interest and costs under 35 U.S.C. § 284;

H. That Vlingo be ordered to provide an accounting;

I. That Vlingo be ordered to pay supplemental damages to Nuance, including without limitation interest;

J. That the infringement be adjudged willful and that the damages be increased under 35 U.S.C. § 284 to three times the amount found or measured;

K. That judgment should be entered against Vlingo and in favor of Nuance in all respects;

L. That Nuance should be awarded its attorneys' fees and costs incurred in this action;

M. That Vlingo be required to pay pre- and post-judgment interest on the damages assessed; and

N. That Nuance be awarded such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Nuance hereby demands trial by jury on all issues so triable.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com

*Attorneys for Nuance Communications, Inc.*

OF COUNSEL:

Morgan Chu
Jonathan Kagan
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010

David McPhie
Rebecca Clifford
IRELL & MANELLA LLP
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660
(310) 277-1010

September 20, 2010
3785010

**CERTIFICATE OF SERVICE**

I hereby certify that on September 20, 2010, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Melanie K. Sharp, Esquire
> Erika R. Caesar, Esquire
> YOUNG CONAWAY STARGATT & TAYLOR, LLP

I also certify that copies were caused to be served on September 20, 2010, upon the following in the manner indicated:

| | |
|---|---|
| Melanie K. Sharp, Esquire<br>Erika R. Caesar, Esquire<br>YOUNG CONAWAY STARGATT & TAYLOR, LLP<br>The Brandywine Building<br>1000 West Street – 17th Floor<br>Wilmington, DE 19801 | *VIA ELECTRONIC MAIL* |
| Dean G. Bostock, Esquire<br>Paul J. Hayes, Esquire<br>MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO P.C.<br>One Financial Center<br>Boston, MA 02111 | *VIA ELECTRONIC MAIL* |

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)